```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

LARRY R. BINGMAN                *

           Plaintiff            *

           VS.                  *    CIVIL ACTION NO. MJG-13-2678

BALTIMORE COUNTY, MARYLAND      *

           Defendant            *

*      *      *      *      *      *      *      *      *
```

## MEMORANDUM AND ORDER RE: INJUNCTION MOTION

The Court has before it Plaintiff's Motion for Injunctive [and other] Relief [ECF No. 92] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Plaintiff, by the instant motion, seeks:

- Entry of a monetary judgment of $400,000.00 with costs and post-judgment interest;

- Reinstatement or front pay;

- Expungement of reference to cancer treatment from Plaintiff's personnel files at Baltimore County;

- Certain future actions by Baltimore County regarding employees; and

- The opportunity to file a fee petition and bill of costs at least three weeks after the Court enters judgment on the jury's verdict.

These matters shall be addressed in turn.

A.   Judgment

The Court shall enter a Judgment pursuant to the jury verdict but anticipates that Baltimore County may file timely post-trial motions relating to the Judgment.

B.   Reinstatement or Front Pay

The pertinent statute, 42 U.S.C. § 2000e-5(g), provides, in relevant part:

> If the court finds that the respondent has intentionally engaged in . . . an unlawful employment practice charged in the complaint, the court may . . . order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement . . .

The County responded to Plaintiff's request for reinstatement by stating that "[a]ny reinstatement or award of front pay would have to be accomplished by a hearing. . . ." Def.'s Resp. 3, ECF No. 94.  Defendant then referred, however, to the factors related to the issuance of an injunction rather than to the remedies available under § 2000e-5(g).

Reinstatement "is an equitable remedy whose appropriateness depends upon the discretion of the court in the light of the facts of each individual case."  Equal Employment Opportunity Comm'n v. Kallir, Philips, Ross Inc., 420 F. Supp. 919, 926 (S.D.N.Y. 1976), aff'd sub nom. E.E.O.C. v. Kallir, Philips, Ross, Inc., 559 F.2d 1203 (2d Cir. 1977).  The objective is "to

make the victims of unlawful discrimination whole by restoring them, so far as possible to a position where they would have been were it not for the unlawful discrimination." Ford Motor Co. v. E.E.O.C., 458 U.S. 219, 230 (1982).

Reinstatement has been denied in cases where the Court found that the circumstances were inappropriate for such relief. See, e.g., Duke v. Uniroyal Inc., 928 F.2d 1413, 1423 (4th Cir. 1991)(citing cases in an ADEA[1] context, the court stated that "notwithstanding the desirability of reinstatement, intervening historical circumstances can make it impossible or inappropriate"); Kallir, 420 F. Supp. at 926-27 (denying reinstatement in light of the hostility between the parties but ordering one year's front pay to allow plaintiff an opportunity to find other employment). "When reinstatement is not appropriate, then other remedies may be considered. . . . [F]ront pay is an available remedy to complete the panoply of remedies available to avoid the potential of future loss." Duke, 928 F.2d at 1423; see also Huppenbauer v. May Dep't Stores

---

[1] "When called upon to interpret the ADA, other courts often have looked to the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 for guidance. The ADA, ADEA, and Title VII all have virtually identical definitions and liability schemes and all are designed with a common purpose: to prohibit discrimination in employment." Stephens v. Kay Mgmt. Co., 907 F. Supp. 169, 171 (E.D. Va. 1995).

3

Co., 99 F.3d 1130 (4th Cir. 1996)(reviewing the propriety of front pay in an ADA context).

Plaintiff's employment was terminated on July 3, 2010.  The jury found the termination wrongful and awarded him noneconomic damages as well as lost wages for part of the period from the termination to the time of trial.  However, the jury found that, for the last 218 weeks of that period, Plaintiff had failed to make a reasonable effort to obtain work that was available to him. Jury Verdict, ECF No. 89.  Presumably, Plaintiff was then receiving, and is continuing to receive, Social Security disability benefits.

The Plaintiff has not, in the instant motion, alleged sufficient facts to warrant reinstatement or an award of front pay.  As to reinstatement, the Court requires at least facts regarding Plaintiff's present ability to perform the essential functions of the job to which he seeks reinstatement, and what will occur vis-à-vis Social Security should he be reinstated.  As to front pay, the Court requires at least facts regarding when he would have retired absent the wrongful termination and appropriate offsets – such as disability benefits – to be taken into account in setting any front pay.

C. <u>Affirmative Injunctive Relief</u>

Plaintiff seeks injunctive relief affecting future actions by the County.[2]

As stated by Judge Harvey of this Court:

> To establish standing for injunctive relief, a plaintiff must first demonstrate that <u>he</u> will suffer an injury in fact which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. To establish standing, a plaintiff must also demonstrate that the conduct complained of will cause the injury alleged, and that the injury will be prevented by a favorable decision. In ADA cases, courts have held that a plaintiff does not have standing to obtain injunctive relief if <u>he</u> cannot demonstrate a likelihood that <u>he</u> will suffer future discrimination at the hands of the defendant.

<u>Gregory v. Otac, Inc.</u>, 247 F. Supp. 2d 764, 770 (D. Md. 2003) (citing <u>Proctor v. Prince George's Hosp. Ctr.</u>, 32 F. Supp. 2d 830, 832 (D. Md. 1998)(emphasis added)).

---

[2] <u>i.e.</u>, expunging from Baltimore County's personnel file any records relating to Plaintiff's cancer treatment; requiring Baltimore County to utilize the form medical authorization attached to the Maryland Workers' Compensation claim form instead of utilizing its own medical authorization form; requiring Baltimore County to limit requests for medical records in workers' compensation claims to the body parts listed on the claim form in box 33; requiring Baltimore County to include a cover letter to medical providers when seeking medical records in workers' compensation claims explaining that it is only seeking records related to the body parts listed in box 33 on the claim form; requiring Baltimore County to keep medical records in separate files from employees' personnel files as required by 42 U.S.C. § 12112(d)(3)(B) and its applicable regulations. Mot. 4-5, ECF No. 92.

Plaintiff lacks standing to seek an injunction for future actions of the County because there is no showing that <u>he will suffer an injury in fact from the action in question.</u>

As to only one of the items sought by Plaintiff – an expungement from his personnel records - is there a realistic likelihood that it will affect him.

As to the expungement of records relating to his cancer treatments, Plaintiff's legitimate concern would not be with the County's having the records but with some future improper disclosure or use. The Court finds that the expungement may adversely affect the County in a future context in which it may have legitimate need for the records.

D. <u>Filing Fee and Cost Petition</u>

Plaintiff may file a fee petition and bill of costs within three weeks[3] after the Court enters judgment on the jury's verdict. The County may, of course, respond in due course.

---

[3] Under Local Rule 109.1(a), "a bill of costs shall be filed within fourteen (14) days of the entry of judgment" unless otherwise ordered by the Court. Under Local Rule 109.2(a), "any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of the entry of judgment" unless otherwise ordered by the Court. The Court shall allow an additional seven (7) days for the bill of costs and the attorneys' fees motion to be filed. All other related deadlines remain as stated in Local Rules 109.1 and 109.2.

6

E.  Conclusion

   For the foregoing reasons:

   1.  Plaintiff's Motion for Injunctive [and other] Relief [ECF No. 92] is GRANTED IN PART.

   2.  The request for reinstatement or front pay is DENIED WITHOUT PREJUDICE to the ability of the Plaintiff to file, by September 30, 2016, a motion adequately presenting the basis for such a request.

   3.  The affirmative injunctive relief requested in the said motion is DENIED.

   4.  Plaintiff may file a fee petition and bill of costs within three weeks after the Court enters judgment.

   5.  Judgment shall be entered in due course.

SO ORDERED, on Wednesday, August 31, 2016.

                                    /s/
                              Marvin J. Garbis
                         United States District Judge