```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

LARRY R. BINGMAN                *

          Plaintiff             *

     vs.                        *   CIVIL ACTION NO. MJG-13-2678

BALTIMORE COUNTY, MARYLAND      *

          Defendant             *

*     *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER RE: MOTION FOR REINSTATEMENT

The Court has before it Plaintiff's Motion for Reinstatement [ECF No. 100] and the materials submitted relating thereto and Defendant's request to defer the entry of judgment [ECF No. 103]. The Court finds that a hearing is unnecessary at this time.

I. Reinstatement or Front Pay

The Court must exercise its discretion regarding any equitable remedy of reinstatement or front pay in light of the facts and circumstances of the case. Equal Employment Opportunity Comm'n v. Kallir, Philips, Ross Inc., 420 F. Supp. 919, 926 (S.D.N.Y. 1976), aff'd sub nom. E.E.O.C. v. Kallir, Philips, Ross, Inc., 559 F.2d 1203 (2d Cir. 1977).

As stated in the Memorandum and Order Re: Injunction Motion [ECF No. 97]:

> As to reinstatement, the Court requires at least facts regarding Plaintiff's present ability to perform the essential functions of the job to which he seeks reinstatement, and what will occur vis-à-vis Social Security should he be reinstated.
> As to front pay, the Court requires at least facts regarding when he would have retired absent the wrongful termination and appropriate offsets – such as disability benefits – to be taken into account in setting any front pay.

The parties' briefing of the instant motion reflects the existence of material factual issues regarding Plaintiff's request for equitable relief.  An evidentiary hearing is necessary to resolve these issues.

## II. Deferral of Judgment

In view of the need to conduct evidentiary proceedings regarding Plaintiff's request for equitable relief and Defendant's stated intention to file post-trial motions, the entry of Judgment is not imminent.  Moreover, the Court has stated that it will grant pre-judgment interest from the date of the verdict to the date of the entry of Judgment.  Therefore, the Defendant's request for a deferral of the entry of Judgment is moot.

III. Conclusion

For the foregoing reasons:

1. Plaintiff's Motion for Reinstatement [ECF No. 100] remains pending.

2. Plaintiff shall, by November 23, arrange a telephone conference regarding the scheduling of further proceedings herein, including an evidentiary hearing on the said Motion for Reinstatement and the filing of further post-trial motions and any argument thereon.

3. Defendant's request to defer the entry of judgment [ECF No. 103] is DENIED AS MOOT.

SO ORDERED, this Wednesday, October 26, 2016.

_____/s/_____
Marvin J. Garbis
United States District Judge
